UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| SHARON L., | ) |
|     Plaintiff | ) ) ) |
| v. | )    2:22-cv-00268-JDL ) |
| KILO KIJAKAZI, Acting Commissioner of Social Security, | ) ) ) |
|     Defendant | ) ) |

**REPORT AND RECOMMENDED DECISION**

On Plaintiff's application for disability insurance benefits under Title II of the Social Security Act, Defendant, the Social Security Administration Commissioner, found that Plaintiff has severe impairments but retains the functional capacity to perform substantial gainful activity. Defendant, therefore, denied Plaintiff's request for disability benefits. Plaintiff filed this action to obtain judicial review of Defendant's final administrative decision pursuant to 42 U.S.C. § 405(g).[1]

Following a review of the record, and after consideration of the parties' arguments, I recommend the Court affirm the administrative decision.

---

[1] Plaintiff applied for disability insurance benefits in November 2016, alleging disability beginning on June 22, 2011. (R. 185-86.) Her claims were denied initially, upon reconsideration, and after an administrative hearing. (*See* R. 12-29.) The Appeals Council denied Plaintiff's request for review and Plaintiff filed an action to obtain judicial review of the decision in January 2019. (R. 1003-11.) After Plaintiff filed an action in federal court to obtain review of the ALJ's decision, Defendant moved to remand the matter and the Appeals Council subsequently remanded the case for a new administrative hearing. (R. 1028-29.) Following the second hearing, the ALJ issued the decision under review in this matter. (R. 914-30.)

## THE ADMINISTRATIVE FINDINGS

The Commissioner's final decision is the March 13, 2020, decision of the Administrative Law Judge. (ALJ Decision, ECF No. 9-10).[2] The ALJ's decision tracks the familiar five-step sequential evaluation process for analyzing social security disability claims, 20 C.F.R. § 404.1520.

The ALJ found that Plaintiff has severe, but non-listing-level impairments consisting of degenerative disc disease of the cervical and lumbar spine, and degenerative joint disease of the right shoulder. (R. 917.) The ALJ further found that Plaintiff has the residual functional capacity (RFC) to perform work at the light exertional level, except in an eight-hour workday she can occasionally push and pull with her right upper extremity at the light weight limits; can never climb ladders, ropes or scaffolds; can occasionally stoop; can never work overhead with the right upper extremity; and can never reach overhead with the right upper extremity. (R. 922.)

Based on the RFC finding, Plaintiff's age, education and work experience, and the testimony of a vocational expert, the ALJ concluded that Plaintiff can perform substantial gainful activity existing in the national economy, including the representative occupations of usher, counter clerk, and hostess. (R. 929.) The ALJ determined, therefore, that Plaintiff was not disabled. (R. 930.)

## STANDARD OF REVIEW

A court must affirm the administrative decision provided the decision is based on

---

[2] Because the Appeals Council found no reason to review that decision (R. 904), Defendant's final decision is the ALJ's decision.

the correct legal standards and is supported by substantial evidence, even if the record contains evidence capable of supporting an alternative outcome. *Manso-Pizarro v. Sec'y of HHS*, 76 F.3d 15, 16 (1st Cir. 1996) (per curiam); *Rodriguez Pagan v. Sec'y of HHS*, 819 F.2d 1, 3 (1st Cir. 1987). Substantial evidence is evidence that a reasonable mind might accept as adequate to support a finding. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of HHS*, 647 F.2d 218, 222 (1st Cir. 1981). "The ALJ's findings of fact are conclusive when supported by substantial evidence, but they are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

## DISCUSSION

Plaintiff argues the ALJ's decision is not supported by substantial evidence because the ALJ erroneously assessed the medical opinion evidence and Plaintiff's reports of symptoms and limitations. More specifically, Plaintiff contends the ALJ erred when he afforded great weight to the opinions of the state agency consultants (John Hall, M.D., and Donald Trumbull, M.D.) and gave "little weight" to the opinion of one of Plaintiff's treating providers, Bethany Lake, M.D. (R. 927.)

In April 2017, Dr. Hall assessed Plaintiff's right shoulder with a loss of motion but found Plaintiff's other pain complaints were not supported by or consistent with the evidence. (R. 85.) Dr. Hall assessed a light work RFC for Plaintiff and limited her to occasional stooping, occasional pushing and pulling with her right arm, and no climbing ladders, ropes, or scaffolds or working overhead with her right arm. (R. 85-86.) At the reconsideration level several months later, Dr. Trumbull agreed with Dr. Hall's opinions.

3

(R. 101-104.)  The ALJ noted that Dr. Trumbull's findings were well-supported by and consistent with the record evidence, including the evidence of Plaintiff's improvement with treatment.  (*Id.*)

Dr. Lake determined Plaintiff could sit or stand for only 15 minutes at a time, walk less than two hours each workday, could never lift any weight, needed to change positions at will and keep her legs elevated while seated, required unscheduled breaks of at least an hour's length, could never twist, stoop, crouch, squat, or climb ladders, and could use her left hand and fingers for 50% of the workday.  (R. 899-903.)  The ALJ found Dr. Lake's opinion to be inconsistent with the record as a whole and not well supported by Dr. Lake's treatment records, which reflected routine treatment, shoulder pain stable with medication, back pain stable and "dramatically" improved following injections, full strength in extremities, normal reflexes, and normal sensory and neurological function.  (R. 928, 926.)

According to the applicable regulations, the Social Security Administration ordinarily will "give more weight" to opinions provided by treating sources than to opinions offered by non-treating sources. 20 C.F.R. § 404.1527(c)(2).  The ALJ, however, provided good reasons to afford only little weight to Dr. Lake's opinion.  *See Vining v. Astrue*, 720 F. Supp. 2d 126, 134 (D. Me. 2010) (an ALJ does not have to adopt the treating source's RFC finding "so long as [the ALJ] supplied 'good reasons' for doing so." (quoting 20 C.F.R. § 404.1527(d)(2)).  With reference to supporting evidence in the record, the ALJ reasonably explained that Dr. Lake's opinion was not supported by the record nor consistent with the overall evidence, and that the opinions of the state agency

consultants were supported by the record.[3]  (R. 927-28.)

Similarly, the ALJ identified ample evidence of record that was inconsistent with and did not support Plaintiff's subjective complaints. (R. 926-27.)  The ALJ found Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms to be "not entirely consistent with the medical evidence and other evidence in the record." (R. 923.)  The ALJ nevertheless limited Plaintiff to never working overhead and never reaching overhead with her right upper extremity. (R. 922.)

The fact that Plaintiff can cite evidence that might be more supportive of her claim does not require a finding of error.  The ALJ acted in accordance with her obligation to weigh the evidence, including the expert opinions, and to resolve any conflicts in the evidence.  *See Irlanda Ortiz v. Sec'y Health & Human Servs.*, 955 F.2d 765, 769 (1st Cir. 1991) ("[T]he resolution of conflicts in the evidence is for the [ALJ], not the courts."); *see also Rodriguez*, 647 F.2d at 222 ("the determination of the ultimate question of disability is for [the ALJ], not for the doctors or for the courts.").  The Court is not to re-weigh the evidence, but to determine whether the ALJ's decision is supported by substantial evidence on the record.  Contrary to Plaintiff's argument, the ALJ's decision is supported by substantial evidence on the record.

---

[3] To the extent Plaintiff contends the consultants' opinions cannot be considered as substantial evidence to support the ALJ's decision because the consultants did not review all the records related to a prior adjudicated period of claimed disability, Plaintiff's argument fails. The consultants' opinions are supported by the most relevant medical evidence – the evidence that reflects Plaintiff's condition during the period that is the subject of this claim – and the record lacks evidence generated either before or during the claimed period that requires a finding that the ALJ erred in her assessment of the expert medical opinion evidence.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court affirm the administrative decision.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 29th day of March, 2023.